IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEE VOGELSANG,

    Petitioner,                      No. 2:12-cv-539-TLN-EFB P

vs.

WILLIAM KNIPP,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

                             /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a prison term of 359 years to life. Pet., ECF No. 1 at 1.[1] He claims that he has been denied his equal protection and to due process because his sentence disqualifies him from early release from prison. He further claims that his sentence is essentially a sentence to life without parole and violates the Eighth Amendment's proscription against cruel and unusual punishment. *Id.* at 10-11.

       Respondent moves to dismiss the petition on the grounds that petitioner's claims are not cognizable, the claims are unexhausted and procedurally defaulted, and the petition is successive. ECF No. 17 at 1. For the following reasons, respondent's motion must be granted.

---

[1] Since petitioner did not properly number the pages of his petition, the court has assigned sequential page numbers for ease of reference.

**I.      Exclusion from Early Release Program**

Petitioner claims that inmates are being forced to live in overcrowded prisons, which he says has been found to amount to cruel and unusual punishment in violation of the Eighth Amendment. He contends generally that the United States Supreme Court and a three judge panel have directed the CDCR to reduce its prison population. He alleges that, in accordance with the Supreme Court's ruling, the CDCR has implemented an early release program but he is not included in that program. *Id*. at 12. Petitioner contends that his constitutional rights are being violated because not every inmate is permitted to participate in the early release program. *Id*. According to the petition, only "Low Level Offenders" and "Non-Life Inmates" have the opportunity for early release. *Id*.

Petitioner appears to be referring to the order to reduce the prison population entered in ongoing lawsuits filed in the Eastern and Northern Districts of California (Eastern District case no. 2:90-cv-0520-LKK-JFM). *See* ECF No. 1 at 11. On May 23, 2011, the United States Supreme Court issued its holding in *Brown v. Plata*, ___ U.S. ____, 131 S.Ct. 1910 (2011), affirming a three-judge district court decision capping California's prison population at 137.5 percent of design capacity. On June 30, 2011, the three-judge panel ordered the State of California to reduce its prison population in accordance with the Supreme Court's holding in *Plata*. *See Coleman v. Brown*, 2:90-cv-0520-LKK-JFM, ECF No. 4032. On April 11, 2013, the panel ordered the State "to take all steps necessary to comply with [June 30, 2011] population reduction order. *Id*., ECF No. 4662 (summarizing the proceedings in *Coleman*). To ensure compliance, the panel ordered the State to submit a list of all prison population measures and a plan for compliance. *Id*. The State subsequently submitted a list of measures and a plan for compliance. *Id*. On June 30, 2013, the panel found that the submitted plan and measures were not in compliance and ordered the state to expand its plan to meet the goal of reducing California's inmate population to 137.5 percent of design capacity by December 31, 2013. *Id*.
/////

1    In response to the June 30, 2013 order, the State submitted a status report, discussing
2 several measures for reducing the inmate population. *Id*., ECF No. 4697. Included in the
3 measures was the development of a court-ordered early release system. On July 18, 2013, the
4 State informed the court that it was "making diligent and concerted efforts to develop a system to
5 identify prisoners who are unlikely to reoffend or who might otherwise be candidates for early
6 release." *Id*. at ECF No. 4697. The State indicated that there were not a sufficient number of
7 low-risk, non-serious offenders suitable for the release program. *Id*. The State therefore needed
8 additional time to consider other inmates for an early release program. *Id*.

9    As of the date of this order, litigation is ongoing in *Coleman* and the three-judge panel
10 has yet to approve a final plan for reducing California's prison population to 137.5 percent of
11 design capacity. As there is no finalized release plan, petitioner's claim that a hypothetical early
12 release program violates his constitutional rights is not ripe for review.

13    The court has no jurisdiction to adjudicate claims unless they are ripe. *United States v.*
14 *Streich*, 560 F.3d at 931. The Supreme Court has explained that the "basic rationale [of the
15 ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from
16 entangling themselves in abstract disagreements over administrative policies, and also to protect
17 the agencies from judicial interference until an administrative decision has been formalized and
18 its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S.
19 136, 148–49 (1967) *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97
20 S.Ct. 980, 51 L.Ed.2d 192 (1977). A claim is not ripe "if it involves 'contingent future events
21 that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Streich*, 560
22 F.3d at 931 (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

23    The three-judge panel has not approve a final early release program and the final program
24 may or may not reflect the limitations over which petitioner complains. Moreover, even if the
25 plan is so limited, it may contain a developed record upon which any review for equal protection
26 and due process analysis could be informed. Accordingly, petitioner's abstract disagreement

3

1 with the hypothetical plan is not ripe for review. Therefore, petitioner's claim that his
2 constitutional rights are being violated based on his exclusion from an nonexistent early release
3 program must be dismissed.[2]

**II.     Challenge to Prison Sentence**

Petitioner also contends that "[i]t is Cruel and Unusual Punishment to sentence a Defendant to a 359 year sentence and then apply LIFE on top of that." He essentially argues that his sentence is a sentence of life without the possibility of parole because he will not live to see a parole hearing. *Id*. at 10. He further contends that his equal protection rights have "been violated because the State Court has a disproportionate sentencing scheme, when a Person with a conviction of one or more Murders gets less time than Petitioner, and in most cases gets to have a Parole Hearing." *Id*. at 11. This challenge to the constitutionality of his sentence must be dismissed as second or successive.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147, 153-155 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. at 153.

/////

---

[2] Even assuming a final early release plan, petitioner equal protection and due process claims face a very heavy burden. An inmate serving a sentence of 359 years to life for, among other things, kidnaping a child for purposes of committing a lewd act and 23 counts of committing a lewd act on a child with force or violence, would have to demonstrate that there is no legitimate governmental interest that is rationally served by the State treating him differently from other inmates whom petitioner characterizes as "Low Level Offenders" and "Non-Life Inmates" for inclusion in an early release program. *See McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973); *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991).

Petitioner's claim challenges his August 1999 conviction, which resulted in the sentence of 359 years to life in prison. ECF No. 1 at 1, 10-11. A review of the court's records reveals that petitioner challenged the same conviction in an earlier action. *See Vogelsang v. Knowles*, No. 2:03-cv-0611-JKS (petition challenging petitioner's California state conviction of 359 years to life sentence for kidnaping a child for purposes of committing a lewd act, lewd act on a child, attempt to kidnap a child for purposes of committing a lewd act, attempt to commit a lewd act on a child, and 23 counts of lewd act on a child with force or violence).[3] In the prior action, a district judge denied the petition on the merits. ECF No. 58. Specifically, the district judge denied petitioner's claim that his sentence constituted cruel and unusual punishment. *Id*. at 9-12. Judgment was entered and the district judge declined to issue a certificate of appealability. ECF Nos. 58, 59.

In his opposition, petitioner contends that his petition is not successive because he has not previously challenged his exclusion from an early release program. His argument ignores many of the allegations in the petition. Petitioner specifically alleges that he received "a 359 years to life sentence, which is basically a Life Without the Possibility of Parole" and that this sentence exceeds his life expectancy. ECF. No 1 at 10. He further alleges that "[i]t is Cruel and Unusual Punishment to sentence a Defendant to a 359 year sentence and then apply Life on top of that." *Id*. He also argues that his equal protection rights have "been violated because the State Court has a disproportionate sentencing scheme, when a Person with a conviction of one or more Murders gets less time than Petitioner, an in most cases gets to have a Parole Hearing." These allegations clearly challenge petitioner's underlying sentence.

As discussed above, petitioner alleges that his constitutional rights are being violated by his exclusion from an early release program that has yet to be formulated or approved. The allegations concerning the early release program, however, do not entitle petitioner to second

---

[3] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

5

challenge to his underlying sentence. Petitioner specifically challenges the same sentence that he previously challenged and which was adjudicated on the merits and his claim that his sentence is unconstitutional is plainly second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive claim. Accordingly, this claim must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).[4]

### III. Conclusion[5]

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be granted;

2. Petitioner's motion for an order granting his immediate release from prison (ECF No. 31) be denied;

3. Petitioner's motion to be released on parole (ECF No. 32) be denied; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

---

[4] On June 27, 2013, petitioner filed a motion requesting his immediate release. He rehashes many of the allegations in his petition concerning the overcrowding in California's prison system. He also claims that the State of California and the CDCR have failed to comply with the Supreme Court's order in *Plata*. On August 19, 2013, he filed another motion, this time requesting to be released on parole for the duration of his life, with the requirement of an ankle monitoring bracelet while on parole, and be required to spend the first five years of parole on house arrest. ECF No. 32. For the same reasons that petitioner is not entitled to relief on the claims in his petition, these requests must also be denied.

[5] Because the petition must be dismissed for the reasons explained above, the court declines to address respondent's additional arguments.

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Dated: September 26, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE